UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

VERONICA FORTUNE,

Defendant.

Civil Action No. TDC-22-1169

## MEMORANDUM OPINION

Following a criminal conviction of Defendant Veronica Fortune on the charges of conspiracy to defraud the United States and aiding and assisting in the preparation and filing of a false and fraudulent tax return, the United States of America ("the Government") has filed a civil Complaint against Fortune in which it seeks a permanent injunction pursuant to 26 U.S.C. § 7407 and 26 U.S.C. § 7402(a) to bar Fortune from preparing, filing, or assisting in the preparation or filing of any federal income tax return. Fortune has filed a Motion to Dismiss. Upon review of the pleadings and submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, Fortune's Motion will be DENIED.

## BACKGROUND

Veronica Fortune has regularly acted as a tax preparer within the meaning of 26 U.S.C. § 7701(a)(36), including by preparing tax returns and claims for tax refunds for clients in and near Prince George's County, Maryland. Since 2011, the Internal Revenue Service ("IRS") has assessed multiple penalties against her for violations of the Internal Revenue Code, and Fortune has an outstanding balance of unpaid penalties totaling over $240,000.

In March 2020, based on her conduct as a tax preparer, Fortune was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of aiding and assisting in the preparation and filing of false tax returns, in violation of 26 U.S.C. § 7206(2). In April 2021, Fortune pleaded guilty pursuant to a signed plea agreement that included the statement that "from the date of the plea agreement (November 2020) to the date of sentencing (August 2021), she would not participate in the preparation of any tax return except her own." Compl. ¶ 15, ECF No. 1. According to the Government, however, Fortune "participated in preparing over 100 tax returns" during that time period. *Id.* ¶ 16. In September 2021, Fortune was sentenced to a term of imprisonment of 12 months and one day in prison, to be followed by three years of supervised release.

On May 16, 2022, the Government filed the present civil Complaint in which it seeks a permanent injunction pursuant to 26 U.S.C. § 7407 and 26 U.S.C. § 7402(a) to bar Fortune from engaging as a tax preparer. Under § 7407, the Government is authorized to bring a civil action "to enjoin any person who is a tax return preparer from further engaging in" certain conduct, including preparing a tax return with an understatement of liability based on an unreasonable position and engaging in conduct that violates the criminal provisions of the Internal Revenue Code. 26 U.S.C. § 7407(a), (b) (citing 26 U.S.C. §§ 6694-6695). According to the Government, such relief is necessary to prevent Fortune from continued interference with the administration of federal tax laws because, it asserts, it is "nearly certain" that Fortune will continue preparing and filing fraudulent tax returns after she was not deterred by the express terms of her plea agreement and previous penalties. Compl. ¶ 50.

Fortune was served with the Complaint on June 17, 2022. After Fortune failed to file a timely Answer, the Government sought and secured an entry of default against Fortune pursuant

to Federal Rule of Civil Procedure 55(a). When the default was entered on February 7, 2023, Fortune was given notice that she had 30 days to file a motion to vacate the order of default. On March 8, 2023, within that time period, Fortune filed the present Motion to Dismiss. Because Fortune is self-represented, the Court liberally construes her filing as also requesting the vacating of the order of default. Where Fortune filed her Motion within a reasonable time frame, and courts generally seek to resolve cases on the merits, the Court will vacate the order of default and consider the Motion to Dismiss on the merits. *See* Fed. R. Civ. P. 55(c) (stating that a court may set aside an entry of default for "good cause"); *see, e.g. Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (stating that there is a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits").

## DISCUSSION

In the Motion to Dismiss, Fortune argues that the Government's request for a permanent injunction barring her from serving as a tax preparer is barred by the doctrines of *res judicata* and collateral estoppel based on her 2021 criminal convictions. In response, the Government argues that *res judicata* does not preclude the Government from seeking a civil injunction based in part on conduct previously asserted in a criminal case. The Government also asserts that if Fortune's argument is construed as invoking the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, it fails because that provision bars only multiple criminal punishments for the same offense rather than the civil injunction sought in this case.

### I.     Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the nonmoving party. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. *Res Judicata*

Fortune argues that the doctrines of *res judicata* and collateral estoppel preclude the Government from seeking a permanent injunction against her because she has already been charged, convicted, and sentenced in a preceding criminal action of crimes relating to the filing of false tax returns. *Res judicata*, also known as claim preclusion, "precludes the parties or their privies from relitigating issues that were or could have been raised" in a preceding case resolved by a final judgment on the merits. *Pueschel v. United States*, 369 F.3d 345, 355-56 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Collateral estoppel, also known as issue preclusion, is a subset of *res judicata* which "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004) (quoting *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998)). Because Fortune has not identified any issues previously decided in the criminal case that could form the basis for an application of the doctrine of collateral estoppel, and because the core issues of whether Fortune engaged in the filing of false tax returns were necessarily

decided in favor of the Government in the criminal case, the Court need not further address the collateral estoppel argument and instead focuses on Fortune's invocation of *res judicata*.

The doctrine of *res judicata* applies when there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel*, 369 F.3d at 355-56 (quoting *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). "As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990)).

Although the parties were in privity in the criminal action and Fortune's conviction constituted a final judgment, the second element, that the cases involve the same cause of action, is not met. The statutory provisions underlying the Government's Complaint expressly authorize the United States to bring a "civil action," including for injunctive relief. *See* 26 U.S.C. §§ 7402, 7407(a). The provisions contemplate that such an action is independent of other causes of action, including a criminal case. *See* § 7402 ("The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws."); § 7407(a) ("The court may exercise its jurisdiction over such action . . . separate and apart from any other action brought by the United States against such tax return preparer or any taxpayer.").

In cases involving related but distinct criminal prosecutions and civil actions filed sequentially, courts have declined to apply *res judicata* to bar the later filed case on the grounds that the criminal and civil actions do not constitute the same cause of action under that doctrine.

In *United States v. Mumford*, 630 F.2d 1023 (4th Cir. 1980), the United States Court of Appeals for the Fourth Circuit held that *res judicata* did not bar a subsequent criminal prosecution of the defendant for securities fraud even though the defendant had previously been subjected to a civil action for prospective injunctive relief filed by the United States Securities and Exchange Commission, because "the difference between the present underlying claims with their differing elements and burdens of proof is so great that there exist two separate causes of causes of action." *Id.* at 1027 & n.4. More specifically, in *Morse v. Commissioner*, 419 F.3d 829 (8th Cir. 2005), in which the plaintiff was criminally convicted of filing false income tax returns and then subjected to a civil action seeking recovery of the tax deficiency and the imposition of civil penalties, the court held that *res judicata* did not bar the subsequent civil claims because the criminal and civil cases did not involve the "same cause of action." *Id.* at 834. Under the same reasoning, the criminal prosecution of Fortune and the present civil action are not the same cause of action such that *res judicata* does not apply. Indeed, while *res judicata* can bar a subsequent claim that could have been asserted in the earlier action, *Pueschel*, 369 F.3d at 354, Fortune has not explained how a civil claim could have been included in the earlier criminal prosecution.

Accordingly, the Court will deny the Motion to Dismiss. Where Fortune did not advance an argument based on the Double Jeopardy Clause, the Court need not address the Government's argument on that issue. In any event, any such argument would necessarily fail because the present action asserts civil claims, and the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997); *see Morse*, 419 F.3d at 835 (rejecting the argument that after the defendant was convicted of filing false tax returns, a subsequent civil action seeking civil fraud penalties was barred by double jeopardy).

## CONCLUSION

For the foregoing reasons, Fortune's Motion to Dismiss, ECF No. 15, will be DENIED. A separate Order shall issue.

Date: November 16, 2023



THEODORE D. CHUANG
United States District Judge